## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### Case No. 8:23-cv-701

ASHLEY MOODY, on behalf of the
People of the State of Florida,

    *Plaintiff*,

    v.

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANNARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA.

    *Defendants*.

_____

### FIRST AMENDED COMPLAINT FOR
### PERMANENT INJUNCTIVE RELIEF

### INTRODUCTION

In the wake of the U.S. Supreme Court's leaked decision in *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228 (2022), pro-abortion extremists from criminal organizations like Antifa and Jane's Revenge have sought to silence pro-life individuals through violence and intimidation. These organizations often target "crisis pregnancy centers"—non-profit organizations that offer free services to pregnant women including financial support, ultrasounds, and counseling but do not perform or promote abortions. Since the opinion leak in *Dobbs*, Antifa and Jane's Revenge have vandalized and

threatened these centers across the country by spray painting their walls, breaking their windows, and even setting fire to their buildings.

Defendants are members of Antifa and Jane's Revenge and have participated in these coordinated attacks in the State of Florida. Defendants vandalized and threatened at least three crisis pregnancy centers in the State, including by spray painting on their walls the Jane's Revenge calling card: "If abortions aren't safe, neither are you."

The State of Florida sues Defendants for violations of the Freedom of Access to Clinic Entrances Act (the "FACE Act"), 18 U.S.C. § 248. The FACE Act authorizes state attorneys general to bring a civil action against those who threaten persons or damage facilities providing reproductive health services. *Id.* § 248(c)(1) and (3). Florida seeks statutory damages, civil penalties, and injunctive relief against Defendants as provided by § 248(c)(3)(B).

## PARTIES

1. Attorney General Ashley Moody is Florida's Chief Legal Officer and has authority to file suit on behalf of the State. Florida is a sovereign State and has the authority and responsibility to protect the health, safety, and welfare of its citizens.

2

2. Defendant Caleb Hunter Freestone resides in Miami, Florida in Miami-Dade County. Mr. Freestone is a member of Antifa and Jane's Revenge.[1]

3. Defendant Amber Marie Smith-Stewart resides in Ocoee, Florida in Orange County. Ms. Smith-Stewart is a member of Antifa and Jane's Revenge.

4. Defendant Annarella Rivera resides in Lakeland, Florida in Polk County. Ms. Rivera is a member of Antifa and Jane's Revenge.

5. Defendant Gabriella Victoria Oropesa resides in Cooper City, Florida in Broward County. Ms. Oropesa is a member of Antifa and Jane's Revenge.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue lies in this district pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim occurred in Polk County, Florida.

8. Polk County is in the Tampa Division of this district. L.R. 1.04(a).

---

[1] Mr. Freestone is a known activist who has previously been detained for his pro-abortion protests. Ryan Nelson, *"S.O.S. Biden They Won't Stop at Roe:' Man Climbs Metal Structure to Send Abortion Rights Message*, NBCMIAMI.COM (Jul. 9, 2022, 11:16 PM), https://www.nbcmiami.com/news/local/s-o-s-biden-they-wont-stop-at-roe-man-climbs-metal-structure-to-send-abortion-rights-message/2801814/, and arrested for protesting a school-board meeting rejecting the use of two sex-education textbooks, Kate Payne, *One Person Was Arrested at Heated Miami-Dade School Board Meeting*, WLRN 91.3 FM (Jul. 22, 2022, 6:26 PM), https://www.wlrn.org/education/2022-07-22/one-person-was-arrested-at-heated-miami-dade-school-board-meeting.

3

## LEGAL STANDARD

9. The FACE Act subjects to civil and criminal penalties any person who "by force or threat of force . . . intentionally . . . intimidates or interferes with or attempts to . . . intimidate or interfere with any person because that person is or has been . . . providing reproductive health services." 18 U.S.C. § 248(a)(1).

10. The FACE Act also subjects to civil and criminal penalties any person who "intentionally damages or destroys the property of a facility, or attempts to do so, because such facility provides reproductive health services." *Id*. § 248(a)(3).

11. The FACE Act authorizes civil actions by state attorneys general: "If the Attorney General of a State has reasonable cause to believe that any person or group of persons is being, has been, or may be injured by conduct constituting a violation of [the FACE Act], such Attorney General may commence a civil action in the name of such State, as parens patriae on behalf of natural persons residing in such State, in any appropriate United States District Court." *Id*. § 248(c)(3)(A).

12. The FACE Act defines "reproductive health services" as "reproductive health services provided in a . . . clinic . . . . or other facility, and includes medical, surgical, counseling or referral services relating to the human reproductive system, including services related to pregnancy." *Id*. § 248(e)(5).

4

13. The FACE Act defines "facility" to include "the building or structure in which the facility is located." *Id.* § 248(e)(1).

14. The FACE Act authorizes state attorneys general to recover statutory damages of $5,000 per violation of § 248(a)(1) and (3). *Id.* § 248(c)(3)(B).

15. The FACE Act authorizes courts, in order to "vindicate the public interest," to award civil penalties of up to $15,000 for the first violation, and up to $25,000 for each subsequent violation, of § 248(a). *Id.*

## FACTUAL BACKGROUND

16. On May 2, 2022, *Politico* leaked a draft opinion of the decision in *Dobbs v. Jackson Women's Health Organization* overturning *Roe v. Wade* and ending constitutional protections for abortions.[2]

17. Since this leaked opinion, pro-abortion extremists have instigated a wave of attacks against pro-life organizations across the country ranging from vandalism to fire-bombing.[3]

---

[2] Josh Gerstein and Alexander Ward, *Supreme Court Has Voted to Overturn Abortion Rights, Draft Opinion Shows*, POLITICO (May 5, 2022, 8:32 PM), https://www.politico.com/news/2022/05/02/supreme-court-abortion-draft-opinion-00029473.

[3] *See* Letter from Members of Congress to Attorney General Merrick B.Garland (June 15, 2022), https://tenney.house.gov/sites/evo-subsites/tenney.house.gov/files/evo-media-document/06.15.2022%20Letter%20to%20DOJ%20RE%20Domestic%20Terrorist%20Attacks%20on%20Pro-Life%20Institutions.pdf; *see also* Letter from Senator Chuck Grassley to FBI Director Christopher Wray (June 27, 2022), https://www.grassley.senate.gov/imo/media/doc/grassley_to_fbi_-_abortion-related_extremism.pdf.

18. Some of the attacks include:

      a.    On May 8, 2022, extremists set fire to the office of the pro-life organization Wisconsin Family Action. The extremists also graffitied the building with the phrase "If abortions aren't safe then you aren't either."[4]

      b.    On June 22, 2022, extremists vandalized a building hosting Jackson Right to Life. The extremists broke windows and left messages stating "If abortion isn't safe neither r u! [sic]" and "Jane's Revenge."[5]

      c.    On June 25, 2022, extremists vandalized a crisis pregnancy center in Lynchburg, Virginia. The extremists shattered windows at the center and graffitied the wall with messages including "If abortion ain't safe, you ain't safe."[6]

---

[4] Kyle Jones and Tamia Fowlkes, *Madison Police, Fire Department Say Fire at Wisconsin Family Action Office Was Arson*, CHANNEL 3000 (May 8, 2022), https://www.channel3000.com/news/crime/madison-police-fire-department-say-fire-at-wisconsin-family-action-office-was-arson/article_71017bf3-e105-5094-8a9c-e3ffa94ec211.html.

[5] Houston Keene, *Pro-life Org, Congressman's Campaign Office Vandalized in Jane's Revenge-Linked Attack*, FOX NEWS (Jun. 22, 2022, 2:28 PM), https://www.foxnews.com/politics/pro-life-org-congressmans-campaign-office-vandalized-janes-revenge.

[6] Virginia Allen, *Inside a Pregnancy Center That Pro-Abortion Vandals Attacked*, THE DAILY SIGNAL (Aug. 7, 2022), https://www.dailysignal.com/2022/08/07/inside-a-pregnancy-center-that-pro-abortion-vandals-attacked/.

d.     On August 1, 2022, extremists vandalized the crisis pregnancy center Abria Pregnancy Resources in St. Paul, Minnesota. The extremists broke the glass doors of the center and spray-painted the message "If abortions aren't safe, neither are you."[7]

e.     On December 17, 2022, extremists vandalized the crisis pregnancy center Pregnancy Aid Detroit by spray-painting messages including "Jane's Revenge" and "Jeanne, if abortions aren't safe neither are you."[8]

19. These attacks harm clinics offering services free of charge, harm citizens seeking and in need of pregnancy related services, create an atmosphere of fear and intimidation, and destabilize civil society.

20. Defendants participated in the litany of attacks on pro-life crisis pregnancy centers by vandalizing three such centers across the State of Florida.

---

[7] Mara H. Gottfried, *Doors Broken, Graffiti Left Behind at Pregnancy Resource Center in St. Paul*, TWINCITIES.COM (Aug. 1, 2022, 6:19 PM), https://www.twincities.com/2022/08/01/doors-broken-graffiti-left-behind-at-pregnancy-resource-center-in-st-paul/.

[8] Francis X. Donnelly, *Pro-life Pregnancy Center in Eastpointe, Board Member's House Spray-painted With Graffiti*, THE DETROIT NEWS (Dec. 17, 2022, 4:03 PM), https://www.detroitnews.com/story/news/local/macomb-county/2022/12/17/pro-life-pregnancy-center-board-members-house-graffiti-spray-painted/69737422007/.

21. Defendants' attacks mirrored the vandalism occurring across the country, specifically Defendants' use of the phrase "If abortions aren't safe, neither are you."

22. From around May 2022 through July 2022, Defendants conspired to injure, oppress, threaten, and intimidate employees of crisis pregnancy facilities in the free exercise and enjoyment of the rights and privileges secured to them by 18 U.S.C. § 248.

23. On or about May 28, 2022, Defendants Freestone, Smith-Stewart, Rivera, and Oropesa damaged and destroyed the property of South Broward Pregnancy Help Center in Hollywood, Florida (the "Hollywood Facility").

24. The Hollywood Facility offers free counseling, pregnancy testing, and ultrasound examination to women with unexpected pregnancies.

25. The Hollywood Facility relies "on donations from parishes, schools, community groups, and individual donors."[9]

26. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa spray painted threats including "If abortions aren't SAFE then niether [sic] are you."

27. On or about June 26, 2022, Defendants Freestone, Smith-Stewart, and Rivera damaged and destroyed the property of LifeChoice crisis pregnancy center in Winter Haven, Florida (the "Winter Haven Facility").

---

[9] ARCHDIOCESE OF MIAMI OFFICE OF RESPECT LIFE, https://respectlifemiami.org/pregnancy-help-centers (last visited March 28, 2023).

28. The Winter Haven Facility offers free counseling, pregnancy testing, and ultrasound examination to women with unexpected pregnancies.

29. The Winter Haven Facility's "mission is to reach, serve, and equip individuals facing unexpected pregnancies to make life affirming decisions through educational, tangible and spiritual one-on-one support."[10]

30. The Winter Haven Facility is "solely community-supported" and "offer[s] all services free of charge."[11]

31. Defendants Freestone, Smith-Stewart, and Rivera spray painted threats including "YOUR TIME IS UP!!"; "WE'RE COMING for U"; and "We are everywhere."

32. On or about July 3, 2022, Defendants Freestone and Oropesa damaged and destroyed the property of Heartbeat of Miami pregnancy center in Hialeah, Florida (the "Hialeah Facility").

33. The Hialeah Facility offers free counseling, pregnancy testing, and ultrasound examination to women with unexpected pregnancies.

34. The Hialeah Facility's mission is "to join with our community in establishing life-saving, life-changing pregnancy help medical clinics in the neediest neighborhoods in South Florida."[12]

---

[10] LIFECHOICE, https://lifechoicewh.com/about-us/our-center (last visited Mar. 28, 2023).

[11] *Id.*

[12] HEARTBEAT OF MIAMI, https://heartbeatofmiami.org/about/ (last visited Mar. 28, 2023).

35. The Hialeah Facility provides "pregnancy tests, sonograms, pregnancy consultation and education, ongoing support and referrals, prenatal referrals, adoption referrals, post-abortion counseling, [and] parenting preparation for moms and dads."[13]

36. Defendants Freestone and Oropesa spray painted threats including "If abortions aren't safe the [sic] neither are you."

## COUNT 1

### Threatening and Intimidating Persons
### in Violation of 18 U.S.C. 248(a)(1)
### (Hollywood Facility)
### (Defendants Freestone, Smith-Stewart, Rivera, and Oropesa)

37. Florida incorporates paragraphs 1–36.

38. The FACE Act prohibits threatening or intimidating, or attempting to threaten or intimidate, "any person because that person is or has been . . . providing reproductive health services."  18 U.S.C. § 248(a)(1).

39. "Reproductive health services" includes "medical" and "counseling" services related to pregnancy. *Id.* § 248(e)(5).

40. The persons who worked at the Hollywood Facility provided reproductive health services.

---

[13] *Id.*

41. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa threatened and intimidated persons working at the Hollywood Facility because they provided reproductive health services.

42. Florida "has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982).

43. Additionally, Florida has a significant public interest in "protecting a woman's freedom to seek pregnancy-related services, ensuring public safety and order, . . . [and] protecting property rights." *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357, 372 (1997).

44. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa's actions harmed the health and well-being of Florida's citizens, particularly women seeking pregnancy services and persons providing pregnancy services.

45. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa's actions also undermined public safety and order.

46. Finally, Defendants Freestone, Smith-Stewart, Rivera, and Oropesa committed these violations during a wave of violence against pro-life pregnancy centers for which the public interest in an orderly and civil society must be vindicated.

47. Florida seeks from Defendants Freestone, Smith-Stewart, Rivera, and Oropesa, jointly and severally, $5,000 in statutory damages.

48. To vindicate the public interest, Florida seeks $15,000 in civil penalties from Defendant Freestone.

49. To vindicate the public interest, Florida seeks $15,000 in civil penalties from Defendant Smith-Stewart.

50. To vindicate the public interest, Florida seeks $15,000 in civil penalties from Defendant Rivera.

51. To vindicate the public interest, Florida seeks $15,000 in civil penalties from Defendant Oropesa.

## <u>COUNT 2</u>

### Threatening and Intimidating Persons
### in Violation of 18 U.S.C. 248(a)(1)
### (Winter Haven Facility)
### (Defendants Freestone, Smith-Stewart, and Rivera)

52. Florida incorporates paragraphs 1–36.

53. The FACE Act prohibits threatening or intimidating, or attempting to threaten or intimidate, "any person because that person is or has been . . . providing reproductive health services." 18 U.S.C. § 248(a)(1).

54. "Reproductive health services" includes "medical" and "counseling" services related to pregnancy. *Id.* § 248(e)(5).

55. The persons who worked at the Winter Haven Facility provided reproductive health services.

12

56. Defendants Freestone, Smith-Stewart, and Rivera threatened and intimidated persons working at the Winter Haven Facility because they provided reproductive health services.

57. Florida "has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982).

58. Additionally, Florida has a significant public interest in "protecting a woman's freedom to seek pregnancy-related services, ensuring public safety and order, . . . [and] protecting property rights." *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357, 372 (1997).

59. Defendants Freestone, Smith-Stewart, and Rivera's actions harmed the health and well-being of Florida's citizens, particularly women seeking pregnancy services and persons providing pregnancy services.

60. Defendants Freestone, Smith-Stewart, and Rivera's actions also undermined public safety and order.

61. Finally, Defendants Freestone, Smith-Stewart, and Rivera committed these violations during a wave of violence against pro-life pregnancy centers for which the public interest in an orderly and civil society must be vindicated.

62. Florida seeks from Defendants Freestone, Smith-Stewart, and Rivera, jointly and severally, $5,000 in statutory damages.

13

63. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Freestone because this is a subsequent violation of § 248.

64. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Smith-Stewart because this is a subsequent violation of § 248.

65. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Rivera because this is a subsequent violation of § 248.

## COUNT 3

### Threatening and Intimidating Persons
### in Violation of 18 U.S.C. 248(a)(1)
### (Hialeah Facility)
### (Defendants Freestone and Oropesa)

66. Florida incorporates paragraphs 1–36.

67. The FACE Act prohibits threatening or intimidating, or attempting to threaten or intimidate, "any person because that person is or has been . . . providing reproductive health services."  18 U.S.C. § 248(a)(1).

68. "Reproductive health services" includes "medical" and "counseling" services related to pregnancy. *Id.* § 248(e)(5).

69. The persons who worked at the Hialeah Facility provided reproductive health services.

70. Defendants Freestone and Oropesa threatened and intimidated persons working at the Hialeah Facility because they provided reproductive health services.

71. Florida "has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982).

72. Additionally, Florida has a significant public interest in "protecting a woman's freedom to seek pregnancy-related services, ensuring public safety and order, . . . [and] protecting property rights." *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357, 372 (1997).

73. Defendants Freestone and Oropesa's actions harmed the health and well-being of Florida's citizens, particularly women seeking pregnancy services and persons providing pregnancy services.

74. Defendants Freestone and Oropesa's actions also undermined public safety and order.

75. Finally, Defendants Freestone and Oropesa committed these violations during a wave of violence against pro-life pregnancy centers for which the public interest in an orderly and civil society must be vindicated.

76. Florida seeks from Defendants Freestone and Oropesa, jointly and severally, $5,000 in statutory damages.

77. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Freestone because this is a subsequent violation of § 248.

78. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Oropesa because this is a subsequent violation of § 248.

## COUNT 4

### Damaging the Property of a Reproduction
### Services Facility in Violation of 18 U.S.C. 248(a)(3)
### (Hollywood Facility)
### (Defendants Freestone, Smith-Stewart, Rivera, and Oropesa)

79. Florida incorporates paragraphs 1–36.

80. The FACE Act prohibits "intentionally damag[ing] or destroy[ing] the property of a facility, or attempting to do so, because the facility provides reproductive health services."  18 U.S.C. § 248(a)(3).

81. "Reproductive health services" includes "medical" and "counseling" services related to pregnancy. *Id.* § 248(e)(5).

82. The Hollywood Facility provided reproductive health services.

83. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa damaged the Hollywood Facility because it provided reproductive health services.

84. Florida "has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982).

85. Additionally, Florida has a significant public interest in "protecting a woman's freedom to seek pregnancy-related services, ensuring public safety and order, . . . [and] protecting property rights." *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357, 372 (1997).

16

86. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa's actions harmed the health and well-being of Florida's citizens, particularly women seeking pregnancy services and persons providing pregnancy services.

87. Defendants Freestone, Smith-Stewart, Rivera, and Oropesa's actions also harmed the property rights of Florida citizens and undermined public safety and order.

88. Finally, Defendants Freestone, Smith-Stewart, Rivera, and Oropesa committed these violations during a wave of violence against pro-life pregnancy centers for which the public interest in an orderly and civil society must be vindicated.

89. Florida seeks from Defendants Freestone, Smith-Stewart, Rivera, and Oropesa, jointly and severally, $5,000 in statutory damages.

90. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Freestone because this is a subsequent violation of § 248.

91. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Smith-Stewart because this is a subsequent violation of § 248.

92. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Rivera because this is a subsequent violation of § 248.

93. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Oropesa because this is a subsequent violation of § 248.

17

## COUNT 5

### Damaging the Property of a Reproduction Services Facility in Violation of 18 U.S.C. 248(a)(3) (Winter Haven Facility) (Defendants Freestone, Smith-Stewart, and Rivera)

94. Florida incorporates paragraphs 1–36.

95. The FACE Act prohibits "intentionally damag[ing] or destroy[ing] the property of a facility, or attempting to do so, because the facility provides reproductive health services."  18 U.S.C. § 248(a)(3).

96. "Reproductive health services" includes "medical" and "counseling" services related to pregnancy. *Id.* § 248(e)(5).

97. The Winter Haven Facility provided reproductive health services.

98. Defendants Freestone, Smith-Stewart, and Rivera damaged the Winter Haven Facility because it provided reproductive health services.

99. Florida "has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982).

100. Additionally, Florida has a significant public interest in "protecting a woman's freedom to seek pregnancy-related services, ensuring public safety and order, . . . [and] protecting property rights." *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357, 372 (1997).

18

101. Defendants Freestone, Smith-Stewart, and Rivera's actions harmed the health and well-being of Florida's citizens, particularly women seeking pregnancy services and persons providing pregnancy services.

102. Defendants Freestone, Smith-Stewart, and Rivera's actions also harmed the property rights of Florida citizens and undermined public safety and order.

103. Finally, Defendants Freestone, Smith-Stewart, and Rivera committed these violations during a wave of violence against pro-life pregnancy centers for which the public interest in an orderly and civil society must be vindicated.

104. Florida seeks from Defendants Freestone, Smith-Stewart, and Rivera, jointly and severally, $5,000 in statutory damages.

105. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Freestone because this is a subsequent violation of § 248.

106. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Smith-Stewart because this is a subsequent violation of § 248.

107. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Rivera because this is a subsequent violation of § 248.

## COUNT 6

### Damaging the Property of a Reproduction
### Services Facility in Violation of 18 U.S.C. 248(a)(3)
### (Hialeah Facility)
### (Defendants Freestone and Oropesa)

108. Florida incorporates paragraphs 1–36.

109. The FACE Act prohibits "intentionally damag[ing] or destroy[ing] the property of a facility, or attempting to do so, because the facility provides reproductive health services."  18 U.S.C. § 248(a)(3).

110. "Reproductive health services" includes "medical" and "counseling" services related to pregnancy. *Id.* § 248(e)(5).

111. The Hialeah Facility provided reproductive health services.

112. Defendants Freestone and Oropesa damaged the Hialeah Facility because it provided reproductive health services.

113. Florida "has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982).

114. Additionally, Florida has a significant public interest in "protecting a woman's freedom to seek pregnancy-related services, ensuring public safety and order, . . . [and] protecting property rights." *Schenck v. Pro-Choice Network of Western New York*, 519 U.S. 357, 372 (1997).

20

115. Defendants Freestone and Oropesa's actions harmed the health and well-being of Florida's citizens, particularly women seeking pregnancy services and persons providing pregnancy services.

116. Defendants Freestone and Oropesa's actions also harmed the property rights of Florida citizens and undermined public safety and order.

117. Finally, Defendants Freestone and Oropesa committed these violations during a wave of violence against pro-life pregnancy centers for which the public interest in an orderly and civil society must be vindicated.

118. Florida seeks from Defendants Freestone and Oropesa, jointly and severally, $5,000 in statutory damages.

119. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Freestone because this is a subsequent violation of § 248.

120. To vindicate the public interest, Florida seeks a $25,000 civil penalty from Defendant Oropesa because this is a subsequent violation of § 248.

## COUNT 7

### Request for Permanent Injunctive Relief

121. Florida incorporates paragraphs 1–36.

122. The FACE Act authorizes the Attorney General to seek permanent injunctive relief.  18 U.S.C. § 248(c)(3)(B).

21

123. Defendants have a history of disruptive criminal behavior in the name of political activism, especially towards providers of reproductive health services.

124. Defendants have a history of repeatedly violating the FACE Act.

125. Defendant Freestone previously protested and disrupted a fundraising event for Heartbeat of Miami.

126. On February 20, 2023, Defendant Freestone, after being charged with violations of the FACE Act and in violation of his pretrial release conditions, was arrested for criminal mischief and providing false identification to the arresting officer.

127. Defendants are likely to continue to intimidate and interfere with the provision of reproductive services in the State of Florida.

128. Florida requests the following injunctive relief:

    a.    Prohibit Defendants from going within 100 feet of any Crisis Pregnancy Center in the State of Florida.

## PRAYER FOR RELIEF

For these reasons, Florida asks the Court to:

  a) Enter judgment against Defendants Freestone, Smith-Stewart, Rivera, and Oropesa, jointly and severally, in the amount of $10,000 ($5,000 for Count 1 and $5,000 for Count 4);

b) Enter judgment against Defendants Freestone, Smith-Stewart, and Rivera, jointly and severally, in the amount of $10,000 ($5,000 for Count 2 and $5,000 for Count 5);

c) Enter judgment against Defendants Freestone and Oropesa, jointly and severally, in the amount of $10,000 ($5,000 for Count 3 and $5,000 for Count 6);

d) Assess against Defendant Freestone civil penalties of $140,000 ($15,000 for Count 1, and $25,000 for Counts 2–6);

e) Assess against Defendant Smith-Stewart civil penalties of $90,000 ($15,000 for Count 1, and $25,000 for Counts 2,4, and 5);

f) Assess against Defendant Rivera civil penalties of $90,000 ($15,000 for Count 1, and $25,000 for Counts 2, 4 and 5);

g) Assess against Defendant Oropesa civil penalties of $90,000 ($15,000 for Count 1, and $25,000 for Counts 3,4, and 6);

h) Award Florida its reasonable costs and expenses, including attorney fees, incurred in the prosecution of this action as authorized by § 248(c)(3)(B).

i) Enjoin Defendants from going within 100 feet of any Crisis Pregnancy Center in the State of Florida.

j) Award such other relief as the Court deems equitable and just.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Joseph Hart*
Joseph Hart* (FBN 0124720)
COUNSELOR TO THE ATTORNEY GENERAL
*Lead Counsel

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
joseph.hart@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 18th day of April 2023, I served the foregoing on Defendants Caleb Freestone and Amber Marie Smith-Stewart via email as consented to by said Defendants in writing in accordance with Fed. R. Civ. P. 5(b)(2)(F).

I CERTIFY that I will serve the newly added Defendants Gabriella Victoria Oropesa and Annarella Rivera in accordance with Fed. R. Civ. P. 4 and timely file with the Court a Proof of Service.

/s/ *Joseph E. Hart*
Joseph E. Hart