**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ASHLEY MOODY, on behalf of the People of the State of Florida,

Plaintiff,

v.

CALEB HUNTER FREESTONE, AMBER MARIE SMITH-STEWART, ANNARELLA RIVERA, and GABRIELLA VICTORIA OROPESA,

Defendants.

Case No. 8:23-cv-701-SDM-MRM

**DEFENDANT SMITH-STEWART'S MOTION TO STAY PROCEEDINGS PENDING CRIMINAL MATTER (OPPOSED)**

COMES NOW defendant Amber Marie Smith-Stewart, by and through undersigned counsel, and respectfully files this Motion to Stay Proceedings Pending Criminal Matter. Plaintiff opposes this motion. (However, as will be explained in a separately-filed Unopposed Motion to Toll Deadline for Responsive Pleading, the plaintiff does not oppose tolling of defendant Smith-Stewart's deadline to file a responsive pleading in this matter, pending the Court's consideration of this Motion to Stay).

## FACTUAL BACKGROUND

This lawsuit was filed on March 29, 2023 (Doc. 1). Defendant Amber Smith-Stewart was served on March 30, 2023 (Doc. 7-1). Plaintiffs subsequently amended the complaint to add two additional defendants, on April 18, 2023 (Doc. 9).

This civil lawsuit is brought pursuant 18 U.S.C. 248, the "Freedom of Access to Clinic Entrances" Act ("FACE Act").

Amber Smith-Stewart is named as a defendant in the present lawsuit for allegedly "damag[ing] and destroy[ing]" the property of "South Broward Pregnancy Help Center in Hollywood, Florida" and "LifeChoice crisis pregnancy center in Winter Haven, Florida," through the use of graffiti. Doc. 1 ¶¶ 23, 26-27, 31. The graffiti allegedly "threatened and intimidated persons" working at the "Hollywood" and "Winter Haven" Facilities "because they provided reproductive health services" (Doc. 1 ¶¶ 41 and 56) and "damaged" those Facilities "because [they] provided reproductive health services." Doc. 1 ¶¶ 83 and 98. The plaintiff seeks money damages, penalties, and injunctive relief against defendants for the alleged graffiti. Doc. 1 at 22-23.

Before this civil lawsuit was filed, Amber Smith-Stewart and the codefendants in this civil case were indicted criminally in federal court for the same alleged conduct, in *United States of America v. Freestone et al.,* M.D. Fla. No. 8:23-cr-25. That indictment was also brought under the FACE Act, which provides for both criminal and civil penalties. Declaration of Lauren Regan, Exhibit A. The underlying facts of the criminal matter are identical to the facts at issue in the present matter. That criminal case, which includes allegations of conspiracy among the codefendants, was filed in January of this year, four months ago.

In the criminal case, the United States Government alleges as follows, in

relevant part:

> Regan Decl, Ex. A at 3 – Section C of COUNT ONE (Conspiracy Against Rights):
>
> (c) It was further part of the conspiracy that on or about May 28, 2022, FREESTONE, SMITH-STEWART, RIVERA, OROPESA, and conspirators travelled to Hollywood, Florida, and damaged and destroyed the property of Facility A, a facility known to the Grand Jury, by spray painting threats including "If abortions aren't SAFE then niether [sic] are you." . . .
>
> (d) It was further part of the conspiracy that on or about June 26, 2022, FREESTONE, SMITH-STEWART, RIVERA, and conspirators travelled to Winter Haven, Florida, and damaged and destroyed the property of Facility B, a facility known to the Grand Jury, by spray painting threats including "YOUR TIME IS UP!!" WE'RE COMING for U" and "We are everywhere."
>
> *Id*. at 4 -- COUNT TWO (Freedom of Access to Clinic Entrances):
>
> On or about June 26, 2022, in the Middle District of Florida, and elsewhere, the defendants, CALEB HUNTER FREESTONE, AMBER MARIE SMITH-STEWART, and ANNARELLA RIVERA, aiding and abetting one another and other persons known and unknown to the Grand Jury, did by threat of force intentionally injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with employees of Facility B, a facility known to the Grand Jury, because the employees were providing and seeking to provide reproductive health services. Specifically, FREESTONE, SMITH- STEWART, RIVERA, and other persons known and unknown to the Grand Jury, spray painted threats of force on the Facility B building.
>
> In violation of 18 U.S.C. §§ 248(a)(l) and 2.
>
> *Id*. at 4-5 -- COUNT THREE (Freedom of Access to Clinic Entrances):
>
> On or about June 26, 2022, in the Middle District of Florida, and elsewhere, the defendants, CALEB HUNTER FREESTONE, AMBER MARIE SMITH-STEWART, and ANNARELLA RIVERA, aiding and abetting one another and other persons known and unknown to the Grand Jury, did intentionally damage and destroy the property of the Facility B, a facility known to the Grand Jury because the facility provides reproductive health services. Specifically, FREESTONE, SMITH-STEWART, RIVERA and other persons known and unknown to the Grand Jury, defaced Facility B by spray

painting the facility.

In violation of 18 U.S.C. § 248(a)(3) and 2.

As noted *supra*, these alleged acts are identical to those alleged in the instant civil case.

In light of the above, and based upon the authority cited *infra*, defendant Smith-Stewart respectfully moves this Court to stay this civil matter pending the outcome of the parallel criminal matter proceeding on the same operative facts and legal theories.

**SUMMARY OF THE ARGUMENT**

Discovery and trial in this matter would prejudice defendant Smith-Stewart's Fifth Amendment right to be free from defending against a civil proceeding while defending a criminal prosecution. Requests for production, requests for admission, depositions, and trial testimony in this civil casea will inevitably seek to elicit evidence that defendant Smith-Stewart engaged in the same alleged illegal activity that is the subject of the criminal matter. If not deferred, the civil proceeding will undermine the accused's Fifth Amendment privilege against self-incrimination, expand rights of discovery beyond the limits of Fed. R. Crim. P. 16, and will attempt to expose the bases of defendant Smith-Stewart's defense to the prosecution in advance of the criminal trial. Conversely, viewing this from the plaintiff's and the court's perspective, any civil discovery while the criminal case is pending would almost certainly be frustrated and fruitless because of Amber Smith-Stewart's Fifth

Amendment invocation.

Amber Smith-Stewart and all the other named defendants are under federal pre-trial supervision, and no criminal conduct is alleged to have occurred since July 3, 2022. As such, a delay of this civil proceeding will not seriously jeopardize the public interest.

A stay is necessary and appropriate.

**ARGUMENT AND CITATION OF AUTHORITY**

Neither the Fifth Amendment to the Constitution nor the Federal Rules of Criminal Procedure allow a civil case to go forward against a defendant in a criminal case when the allegations of the two proceedings overlap completely, as is the case here. Overlap of issues is the most important factor when considering a motion to stay in this situation. *See Love v. City of Lanett*, No. 3:09-cv-622-MEF, 2009 WL 2525371, at *2 (M.D. Ala. Aug. 17, 2009). Primarily to prevent prejudice to a defendant's rights under the Constitution and the Rules of procedure, when a "civil action . . . is tied in a tight knot with a [potential] criminal prosecution," the clear practice in the circuits is to stay the civil action until after termination of the criminal matter. *Campbell v. Eastland*, 307 F.2d 478, 480 (5th Cir. 1962). *See, e.g., Coney v. Anderson*, No. 8:22-CV-64-CEH-AAS, 2022 WL 419896 (M.D. Fla. Feb. 9, 2022) (where plaintiff would invoke the Fifth Amendment, and defendant police officer would invoke the law enforcement privilege, stay was warranted pending resolution of criminal matter); *Transamerica Life Ins. Co. v. Brickman*, M.D. Fla. No. 6:15-cv-

1919, 2017 WL 10023751 (Oct. 17, 2017) (granting stay where defendant in civil case was also defendant in criminal case and refused to answer questions in the civil case); *Eastwood Enterprises, LLC v. Farha*, M.D. Fla. No. 8:07-CV-1940-T, 2010 WL 2836719 (July 19, 2010) (stay granted at the request of the government, a non-party to the civil case between private parties – in order to prevent the premature disclosure of government witnesses and information from the government's criminal case); *Sec. & Exch. Comm'n v. Palleschi*, M.D. Fla. No. 2:21-CV-530-SPC-NPM, 2021 WL 4710773 (Sept. 24, 2021) (same).

As discussed *infra*, the court always has discretion to grant a stay of a civil case pending a criminal matter, in the interests of judicial efficiency or other factors. However, "[a] court *must* stay a civil proceeding pending resolution of a related criminal prosecution . . . when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (civil forfeiture context) (citing *United States v. Kordel*, 397 U.S. 1, 90 S. Ct. 763, 769- 70 & n. 27 (1970)) (emph. added). In *Tompkins-Holmes v. Gualtieri*, M.D. Florida Judge Covington set forth the standard for a stay in this situation:

> In determining whether special circumstances exist, the Court looks to:
>
> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

> *Investments v. Rothstein*, No. 10–60786–Civ, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (quoting *Yeomans v. Forster & Howell, Inc.*, No. 09–00488, 2009 WL 2960387, at *1 (M.D. Ala. Sept. 10, 2009).

No. 8:17-CV-52-T-33AEP, 2017 WL 638663 (M.D. Fla. Feb. 16, 2017) at *2.

"'[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay.'" *Love v. City of Lanett*, No. 3:09-cv-622-MEF, 2009 WL 2525371, at *2 (M.D. Ala. Aug. 17, 2009) (quoting *Dominguez v. Hartford Fin. Servs.*, 530 F. Supp. 2d 902, 906-07 (S.D. Tex. 2008)) (cited in *Tompkins-Holmes*, *supra*, at *2). Here, as discussed *supra*, there is 100% overlap in the facts and laws at issue in the civil and criminal cases.

In the alternative, even absent that key factor, "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1990). The Court's power to stay cases is part of its inherent authority "to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North America Co*., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). *See, e.g., United States ex rel. McFarland v. Florida Pharmacy Solutions*, 2017 WL 10294799, M.D. Fla. No. 8:15-cv-1708-T-23TGW, Aug. 7, 2017 (Judge Merryday order staying civil case in similar situation). As M.D. Florida Judge Honeywell noted recently in *Matter of James Gang Charters, LLC*:

> Although the Constitution does not require a stay of these civil proceedings

> pending the outcome of the related criminal matter, the Court, in exercising its discretion, finds that a stay is warranted in the interests of judicial efficiency and economy. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (finding a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). Due to the considerable overlap in the issues involved in the criminal and civil matter, as they both involve the death of Krysztofowicz, and the inevitable delay in the progress of discovery in this civil case due to Mayer's invocation of his Fifth Amendment privilege, the Court concludes a stay is appropriate in these circumstances.

No. 8:20-CV-1859-CEH-JSS, 2021 WL 2228659 at *2 (M.D. Fla. May 10, 2021).

Through the use of that inherent authority, "[c]ertainly . . . a court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *U.S. v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983). Indeed, the courts recognize that a stay is most appropriately entered when a civil suit in a parallel case would threaten to disrupt the restrictions imposed on discovery by the criminal rules:

> In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters . . . a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases. While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive.

*Campbell*, 307 F2d at 487.

Forcing a defendant to admit or deny civil allegations that are the subject of a criminal prosecution is fundamentally at odds with the structure of a criminal case, in which defendant is presumed innocent and the government must satisfy the most exacting burden of proof. Governmental bodies should not be given the opportunity to leverage the liberal rules of civil discovery to build a criminal case against the

defendant when the defendant's liberty is on the line in a parallel criminal case.[1] To deny a stay would create precisely the type of prejudice to substantial rights of a presumptively innocent party that the courts recognized in the *Campbell* case.

Recognizing the exceptional prejudice posed by a civil lawsuit running in parallel to a criminal case, prior to the circuit split, the Fifth Circuit held in *Campbell* that:

> A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled for use in his criminal suit.

307 F.2d at 487. Although *Campbell* involved a prospective criminal defendant's attempt to obtain discovery against the government, its holding applies with even greater force when discovery will be sought, as here in a civil lawsuit, against a defendant. The government's right of discovery in a criminal case is much more limited than the criminal defendant's right of discovery. *See* Fed. R. Crim. P. 16. In that situation, the courts have readily found "'special circumstances' and the need to avoid 'substantial and irreparable prejudice,'" which warrants a stay. *U.S. v. Al*, 712 F.2d at 136 (pre-split Fifth Circuit, quoting and citing *Securities and Exchange Commission v. First Financial Group of Texas, Inc*., 659 F.2d 660, 668 (5th Cir. 1981)); *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979)).

---

[1] Defendant Smith-Stewart acknowledges that the criminal case was brought by the federal government, whereas this instant civil case was filed by the State of Florida. However, discovery produced in this case would almost certainly end up being available to the United States for the criminal case.

*See also SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (a "noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case."). As the court stated in *United States v. Armada Petroleum Corp.*, in affirming a stay of a noncriminal proceeding:

> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified deferring it.

700 F.2d 706, 708 (Temp. Emer. Ct. App. 1983).

In *Wehling*, the Fifth Circuit (pre-circuit split) reversed the district court, and ordered a stay of civil proceedings, to avoid prejudice to a plaintiff who was faced with civil discovery requests at the same time that he was a target of a grand jury investigation. The civil proceedings were stayed until the expiration of the applicable criminal statute of limitations, even though that allowed for up to a three-year stay. While cognizant of that potential delay, the circuit court nonetheless held that:

> Although a three-year hiatus in the lawsuit is undesirable from the standpoint of both the court and the defendant, permitting such inconvenience seems preferable at this point to requiring plaintiff to choose between his silence and his lawsuit.

*Wehling*, 608 F.2d at 1089.

A stay of this case would not prejudice interests; it would almost certainly be of shorter duration than the stay in *Wehling* (stayed at grand jury phase) or *U.S. v. Florida Pharmacy* (stayed at criminal investigation phase), because here the criminal case is already filed and proceeding.

Moreover, a stay of this proceeding would cause no serious damage to the public interest. Plaintiff's ability to protect its interests will not be adversely affected by a stay of this proceeding. All defendants are under pretrial supervision, which strictly limits their contact with any alleged witnesses or victims in the cases, and forbids any illegal conduct of any kind. Decl. of Regan ¶ 4. The alleged criminal activity is not ongoing, and is nearing a year old without other intervening similar allegations since the alleged acts of May through July 2022. *Id*. Exhibit A. No evidence will be lost or destroyed due to the imposition of a stay order, as discovery is already underway in the criminal cases, and all defendants in this civil lawsuit have a duty to preserve relevant evidence. *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944, 949 (11th Cir. 2005); *Graff v. Baja Marine Corp*., 310 F. App'x 298, 301 (11th Cir. 2009). Amber Smith-Stewart is also subject to a criminal "Order Setting Conditions of Release" signed by Magistrate Judge C. Bremer on January 23, 2023. Decl. of Regan ¶ 4. The conditions include obeying all laws and not having any contact with any witness, victim, or potential witness or victim. A violation of that court order could subject the criminal defendants to pretrial incarceration until their criminal trial

date. *Id*.

In light of the foregoing, a stay in this case is appropriate and warranted. Appropriate opportunities for discovery in the present matter can be fully prosecuted, without prejudice or harm to any party, following resolution of the criminal proceedings. *See, e.g., SEC v. Chestman*, 861 F.2d 49, 50 (2nd Cir. 1988).

The exceptional circumstances here warrant the issuance of a stay of the proceedings. Courts must consider whether a defendant in both a civil and criminal matter is forced to choose between waiving his/her privilege against self-incrimination or losing the civil case in summary proceedings. *See Pellegrino v. Wengert*, 147 F. Supp 1379 (S.D. Fla. 2015); *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994) (citing *Pervis v. State Farm Fire & Casualty Co*., 901 F.2d 944 (11th Cir.), *cert. denied*, 498 U.S. 899, 111 S. Ct. 255 (1990).

Here, as discussed *supra*, Amber Smith-Stewart is alleged to have sprayed graffiti on two buildings, alongside the named codefendants. To counsel's knowledge, after reviewing the criminal discovery, besides these co-defendants, there are no other witnesses who can provide evidence as to what actually occurred. Decl. of Regan ¶ 3. The alleged spray-painting is the crux of both the criminal and the civil case. Amber Smith-Stewart is thus faced with the Hobson's choice of defending in the criminal prosecution and giving up any defense in the civil action by asserting the Fifth Amendment right to not testify against oneself. Therefore, unlike some other situations (for example, where there are independent eyewitnesses or photographic

evidence, or where the factual basis of the criminal and civil matters is not 100% overlapping), the certain outcome would be summary judgment against defendant Smith-Stewart in invoking the Fifth Amendment right against self-incrimination.

If defendant Smith-Stewart made the impossible choice of not testifying in order to mount a defense to this case, that defense would be prejudiced by negative inferences drawn as a result of the exercise of Fifth Amendment rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 317-19 (1976) (adverse inferences may be drawn against parties to a civil action as a result of their assertion of the Fifth Amendment privilege); *United States v. A Single Family Residence & Real Property*, 803 F.2d 625, 629 n. 4 (11th Cir. 1986) (general rule is that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them."). With the assertion of the Fifth Amendment, there would be no genuine dispute as to any material fact, making plaintiff entitled to summary judgment as a matter of law under Fed. R. Civ. P. 56(a).

Furthermore, all of the defendants are charged with conspiracy in the criminal case, providing each of them with even broader Fifth Amendment rights regarding a wide range of subject matter, including testimony about the other co-defendants' actions. *See, e.g.*, *United States v. Metz,* 608 F.2d 147, 157 (5th Cir. 1979); *United States v. Aviles*, 749 F. App'x 263 (5th Cir. 2018).

In contrast, if Amber Smith-Stewart participated by testifying and producing documents in defending the civil case, the statements and evidence Smith-Stewart

produced could be used in the criminal prosecutions. That decision could subject defendant Smith-Stewart to loss of liberty by potentially being convicted as charged.

The Fifth Amendment is violated when a person, who is a defendant in both a civil and criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment. Amber Smith-Stewart cannot be forced to decide whether to defend against the civil suit and be convicted in the criminal matters, or defend the criminal matters and lose the civil suit. The only means of avoiding such an untenable and unconstitutional position is to stay the civil proceeding.

**CONCLUSION**

In summary, it is appropriate and necessary to stay the current civil proceedings. All named defendants in this civil suit are facing ongoing criminal prosecution for the same alleged conduct in this very court, including conspiracy. Failure to stay this civil case would cause irreparable prejudice to defendant Smith-Stewart in both the civil and criminal matters. Therefore, defendant Smith-Stewart respectfully requests that the present matter be stayed pending conclusion of the criminal prosecution.

May 2, 2023.

Respectfully submitted,

*/s/ Marianne Dugan*
Marianne Dugan, *pro hac vice*
Oregon State Bar # 932563
Civil Liberties Defense Center

1430 Willamette St. No. 359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org

Lead counsel for defendant Amber Smith-Stewart

*/s/ Lauren Regan*
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1430 Willamette St. No. 359
Eugene, OR 97401
(541) 687-9180
lregan@cldc.org

Counsel for defendant Amber Smith-Stewart

**RULE 3.01(g) CERTIFICATION**

Undersigned counsel has conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel is opposed to the Court granting the relief requested.

May 2, 2023.

*/s/ Marianne Dugan*
Marianne Dugan, *pro hac vice*
Oregon State Bar # 932563
Civil Liberties Defense Center
1430 Willamette St. No. 359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org

Lead counsel for defendant Amber Smith-Stewart

*/s/ Lauren Regan*
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1430 Willamette St. No. 359
Eugene, OR 97401
(541) 687-9180
lregan@cldc.org

Counsel for defendant Amber Smith-Stewart

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the above Motion to Stay Proceedings, by electronically filing with the Clerk of the Court by using CM/ECF, which will automatically send email notification of such filing to the following:

Joseph Edward Hart
Office of Florida Attorney General
Email: joseph.hart@myfloridalegal.com
Lead Counsel

James Hamilton Percival II
Office of the Florida Attorney General
Email: james.percival@myfloridalegal.com

May 2, 2023.

*/s/ Lauren Regan*
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1430 Willamette St. No. 359
Eugene, OR 97401
(541) 687-9180
lregan@cldc.org

Counsel for defendant Amber Smith-Stewart