UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

ASHLEY MOODY, on behalf of the
People of the State of Florida,

        Plaintiff,

v.

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANNARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA.

        Defendants.
_____

Case No. 8:23-cv-701-SDM-MRM

**DEFENDANT ANNARELLA RIVERA'S OPPOSED MOTION TO STAY
THESE PROCEEDINGS PENDING CRIMINAL MATTER**

Defendant, Annarella Rivera (Rivera), by and through undersigned counsel, respectfully moves this Court for an order staying proceedings in this civil matter pending the outcome of a parallel criminal matter in this District.[1] *See* Doc. 28. As grounds for this motion, Rivera states:

**I.    Factual and Procedural Background**

This civil action, filed on March 29, 2023, is brought pursuant 18 U.S.C.

---

[1] Since Defendant Rivera has moved for a stay of this action, no responsive pleading is due until within five (5) days of any Order denying the motion to stay or any Order lifting any stay in this action. Doc. 28.

Sec. 248, the Freedom of Access to Clinic Entrances Act (FACE Act) (Doc. 9). Plaintiff amended the complaint on April 18, 2023, to add two additional Defendants, including Annarella Rivera (Doc. 9). Defendant Rivera was served on April 24, 2023 (Doc. 22-2).

Rivera is named as a Defendant in this action for allegedly "damag[ing] and destroy[ing]" - through graffiti - the property of the South Broward Pregnancy Help Center in Hollywood, Florida, the LifeChoice crisis pregnancy center in Winter Haven, Florida, and the Heartbeat of Miami crisis pregnancy center in Hialeah, Florida. *See* Doc. 9 ¶¶ 23, 27, 32. According to the Amended Complaint, Defendant Rivera and the other Defendants' actions allegedly constituted threats and intimidation contemplated by the FACE Act because those facilities "provided reproductive health services" (*Id.* ¶¶ 40-41, 55-56, 69-70). The Attorney General seeks money damages, penalties, and injunctive relief against Rivera and the other Defendants for the alleged graffiti. (*Id.* ¶¶ 47-51, 62-65, 76-78, 89-93, 104-107, 118-120, 127 & Prayer for Relief.)

Before this civil action was filed, Rivera and the co-Defendants in this civil case were criminally indicted in this federal District for purportedly violating the FACE Act, which carries civil and criminal penalties, for the same conduct alleged

in this lawsuit.[2] *See United States of America (U.S.) v. Freestone et al.,* Case No. 8:23-cr-00025-VMC-AEP (M.D. Fla.); *see also* Doc. 19-1. That criminal case, which includes allegations of conspiracy among the co-Defendants, was filed four months ago in January 2023. *See* Doc. 1, *U.S. v. Freestone, et al.*, Case No. 8:23-cv- 00025-VMC-AEP.

In the criminal case, the federal government alleges that Rivera, and the other civil Defendants, spray painted the same facilities in Hollywood, Winter Haven, and Hialeah referenced in this civil action (Doc. 19-1 at 2-3). Rivera respectfully requests that the Court stay this matter pending the outcome of the criminal action because of the identical factual issues in the parallel criminal action and the fact that Rivera and the other Defendants would invoke their Fifth Amendment privilege in this civil proceeding to protect their interests in the criminal matter.

## II.   Legal Memorandum

A stay of this matter is necessary and appropriate based on the factors that courts analyze when there are parallel civil and criminal proceedings. Requests for production, requests for admission, depositions, and trial testimony in this civil case will inevitably seek to elicit evidence that Rivera engaged in the same alleged

---

[2] Annarella Rivera respectfully requests that this Court take judicial notice of the records in the criminal action, *United States of America v. Freestone, et al.*, Case No. 8:23-cv- 00025-VMC-AEP (M.D. Fla.). *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

3

illegal activity that is the subject of the parallel criminal case. Discovery and trial in this matter would prejudice Rivera's Fifth Amendment right to be free from defending against this civil action while defending a criminal prosecution with identical factual and legal issues.

If not deferred, the civil proceeding will undermine the accused's Fifth Amendment privilege against self-incrimination, expand rights of discovery beyond the limits of Fed. R. Crim. P. 16, and attempt to expose the bases of Rivera's defense to the prosecution in advance of the trial in the criminal matter. Any civil discovery while the criminal case is pending would almost certainly be frustrated and fruitless because of Rivera's Fifth Amendment invocation. As explained below, each of the applicable considerations for a stay in these circumstances supports granting one here, temporarily, pending the outcome of the parallel criminal matter.

### A.    Legal Standard

"[A] court must stay a civil proceeding pending resolution of a related criminal prosecution . . . when 'special circumstances' so require in the 'interests of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel*, 397 U.S. 1, 12 & n.27 (1970)). The most important threshold issue in deciding a stay is whether a party in both a civil and criminal matter is forced to choose between waiving his privilege

against self-incrimination or losing the civil case in summary proceedings. *See Pervis v. State Farm Fire & Sax. Co.*, 901 F.2d 944, 947 (11th Cir. 1990), *cert. denied*, 498 U.S. 899 (1990); *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994).

Courts in this District also examine the following factors to determine if there are special circumstances requiring a stay of civil proceedings where a parallel criminal action exists: whether the defendants have been indicted; the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; the private interests of and burden on the defendants; whether invocation of the privilege against self-incrimination frustrates gathering evidence; the interests of the courts; and the public interest. *See Transamerica Life Ins. Co. v. Brickman*, Case No: 6:15-cv-1919-Orl-41TBS, 2017 WL 10023751, at *2 (M.D. Fla. Oct. 17, 2017); *see also Sec. & Exch. Comm'n v. Palleschi*, Case No. 2:21-CV-530-SPC-NPM, 2021 WL 4710773, at *1 (M.D. Fla. Sept. 24, 2021).

As explained below, all of these factors, viewed independently, and together, support a stay of this proceeding pending resolution of the criminal case. This Court should exercise its substantial discretion to stay this civil proceeding on that basis.

### 1. A Stay is Required Given the Overlap in the Actions

Where a "civil action . . . is tied in a tight knot with a criminal prosecution," the court should stay the civil action until after termination of the criminal matter. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)[3]; *see also Coney v. Anderson*, No. 8:22-CV-64-CEH-AAS, 2022 WL 419896, at *2 (M.D. Fla. Feb. 9, 2022). Here, the overlap of the civil and criminal matters weighs in favor of staying this action pending the resolution of the criminal matter.

This civil case arises from identical facts to those alleged in the superseding criminal indictment: that Rivera and her co-defendants allegedly spray painted several crisis pregnancy centers in Hialeah, Hollywood, and Winter Haven. *Cf.* Docs. 9 with 19-1. There is absolute overlap in laws and legal analysis at issue in the civil and criminal cases. *Id.* In the criminal and civil proceedings, the question whether Rivera and others "intentionally" damaged or destroyed the property of the facilities at issue in the parallel cases or "threatened" to intimidate the facilities' employees are identical. *See* 19-1; Doc. 9 ¶¶ 53, 67, 70, 80, 95, 109. Given the "tight knot" of these civil and criminal actions, the Court should grant a stay in this civil matter to prevent prejudice to the Defendants' rights against self-incrimination and any adverse effects from the different rules of discovery in each

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

proceeding. *See Campbell*, 307 F.2d at 487 ("Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.").

### 2.     Case Status Supports a Stay

The very early posture of the case also supports a stay of this proceeding. Criminal proceedings began in January 2023. *See* Doc. 1, *U.S. v. Freestone et al.,* Case No. 8:23-cr-00025-VMC-AEP. Rivera was only recently served in this civil matter (Doc. 22-2). The Court granted the parties' joint motion to toll the deadlines for responsive pleadings until the Court resolves the Defendants' motions for a stay (Doc. 28). A stay of this case will preserve judicial resources, and in turn, serve the public interest. *See*, *e.g.*, *Transamerica Life Ins. Co.*, 2017 WL 10023751, at *2.

### 3.     On Balance, the Parties' Interests Weigh in Favor of a Stay

A stay is also supported when weighing the parties' respective interests. Plaintiff has no private interests here. This action was brought by the Florida Attorney General on behalf of the State of Florida. Doc. 9 ¶ 1.

A stay is in the Plaintiff's interest to prevent the premature disclosure of government witnesses and information from the government's criminal case. *See*, *e.g.*, *Eastwood Enterprises, LLC v. Farha*, Case No. 8:07-CV-1940-T, 2010 WL

2836719, at *2 (M.D. Fla. July 19, 2010); *Palleschi*, 2021 WL 4710773, at *1-2 (M.D. Fla. Sept. 24, 2021). There is also no prejudice to Plaintiff's interests because a stay would be of short duration since the criminal case is already filed and proceeding. *Cf. Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979) (allowing three year stay of civil case until expiration of the statute of limitations while criminal matter was at grand jury phase).

Any interest that the Attorney General may have in expeditiously resolving this action is far outweighed by the prejudice to Rivera in simultaneously defending this civil case with the criminal action. Annarella Rivera is alleged to have sprayed graffiti on two buildings, alongside the named co-Defendants; these allegations are central to the civil and criminal actions. *See* Docs. 9, 19-1. To her counsel's knowledge there are no other witnesses who can provide exculpatory evidence as to what actually occurred other than Rivera and the co-Defendants. Docs. 19, 19-1.

Unlike some other situations where there is other exculpatory evidence (e.g., eyewitnesses or video evidence), the certain outcome if Rivera invokes the Fifth Amendment would be summary judgment because there would be no genuine dispute of material fact. *See Baxter v. Palmigiano*, 425 U.S. 308, 317-19 (1976) (adverse inferences may be drawn against parties to civil action from assertion of Fifth Amendment privilege); *see also Gonzalez v. Israel*, Case No. 15–CIV–60060,

2015 WL 4164772, at *3 (S.D. Fla. July 9, 2015) (granting stay where there were parallel criminal and civil proceedings and the only eye witnesses capable of providing exculpatory testimony in the civil proceeding would invoke their Fifth Amendment privilege). A temporary stay of this action is warranted because, without it, Rivera is forced to choose between waiving her privilege against self-incrimination or face losing the civil case in summary proceedings. *See United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991). This is clear grounds for a stay in this action. *See id.*

All of the Defendants are charged with conspiracy in the criminal case, providing each of them with even broader Fifth Amendment rights regarding a wide range of subject matter, including testimony about the other co-Defendants' actions. *See, e.g.*, *United States v. Metz,* 608 F.2d 147, 157 (5th Cir. 1979) (refusing to overturn the court's determination that a defendant could not compel exculpatory testimony from his codefendant). In contrast, if Rivera testified and produced documents in defending this civil case, that evidence could be used in the criminal prosecutions. *See*, *e.g.*, *U.S. v. White*, 846 F.2d 678, 689 (11th Cir. 1998). That decision could subject Defendant Rivera to loss of liberty by potentially being convicted as charged.

Rivera cannot be forced to decide whether to defend against the civil suit and be convicted in the criminal matters, or defend the criminal matters and lose

the civil suit. The only means of avoiding such an untenable and unconstitutional position is to stay this civil proceeding.

### 5. The Interests of Justice Support a Stay

A stay of this civil proceeding pending the completion of a parallel criminal prosecution is also warranted in the interests of justice. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1990); *see also United States ex rel. McFarland v. Florida Pharmacy Solutions*, Case No. 8:15-cv-1708-T-23TGW, 2017 WL 10294799, at *1 (M.D. Fla. Aug. 7, 2017). The Court's power to stay cases is part of its inherent authority "to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North America Co.*, 299 U.S. 248, 254 (1936).

For example, courts recognize that the interests of justice support a stay where there is considerable overlap in the issues involved in the criminal and civil matter and there will be inevitable delay in the progress of discovery in the civil case due to a defendant's invocation of his Fifth Amendment privilege. *See*, *e.g.*, *Matter of James Gang Charters, LLC*, No. 8:20-CV-1859-CEH-JSS, 2021 WL 2228659 at *2 (M.D. Fla. May 10, 2021) (citations omitted). Courts also recognize that a stay is appropriate when a civil suit in a parallel case would threaten to disrupt the restrictions imposed on discovery by the criminal procedure rules. *See*, *e.g.*, *Campbell*, 307 F.2d at 487. These reasons for granting a stay apply here.

Forcing a defendant to admit or deny civil allegations that are the subject of a criminal prosecution is fundamentally at odds with the structure of a criminal case, in which the defendant is presumed innocent and the government must satisfy the most exacting burden of proof. Governmental bodies should not be given the opportunity to unfairly leverage the liberal rules of civil discovery to build a criminal case against a defendant and avoid the restrictions on criminal discovery when the defendant's liberty is on the line in a parallel criminal case.[4] *See Campbell*, 307 F.2d at 487.

To deny a stay would create precisely the type of prejudice to substantial rights of a presumptively innocent party that the courts recognize as impermissible. *Id.* A "defendant who reasonably fears a criminal prosecution maintains a weighty Fifth Amendment interest against compelled self-incrimination, including self-incrimination that results from a statement compelled in a civil action." *McFarland*, 2017 WL 10294799, at *1 (citation omitted) (finding "interests of justice" favored a stay because privilege against self-incrimination outweighed the speculative and marginal harm, if any, of a short delay); *see also Wehling*, 608 F.2d at 1089 (finding stay of civil case discovery for three years until expiration of statute of limitations where party was also the subject of a grand jury investigation

---

[4] Defendant Rivera acknowledges that the criminal case was brought by the federal government, whereas this civil case was filed by the State of Florida. However, discovery produced in this case would almost certainly end up being available to the United States for the criminal case.

would not impose undue hardship on defendant and protects the party exercising a constitutional privilege from unnecessary adverse consequences).

### 6. A Stay Serves the Public Interest

A stay of this proceeding would serve the public interest in promoting judicial economy and efficiency. Plaintiff's ability to protect its interests will not be adversely affected by a stay of this proceeding. All Defendants are under pretrial supervision which strictly limits their contact with any alleged witnesses or victims in the cases and forbids any illegal conduct of any kind. *See* Docs. 14, 46, 70, 75, 90, *U.S. v. Freestone et al.,* Case No. 8:23-cr-00025-VMC-AEP. The alleged criminal activity is not ongoing; it is nearing a year old without other intervening similar allegations. *See* Doc. 19-1. No evidence will be lost or destroyed due to the imposition of a stay order because discovery is already underway in the criminal cases and all Defendants in this lawsuit have a duty to preserve relevant evidence. *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020). A stay that allows the government to complete its criminal prosecution efforts promotes judicial economy by streamlining these proceedings and helps to simplify the issues for the parties and the Court. *See Transamerica Life Ins. Co.*, 2017 WL 10023751, at *4; *Palleschi*, 2021 WL 4710773, at *2.

Contrary to the public interest, without a stay of this action, the parties will squander judicial resources with proliferating litigation as each Defendant invokes

their Fifth Amendment rights and Plaintiff seeks to compel their testimony and related discovery. Civil discovery in this case could also impeded the prosecution of the criminal case because it involves the same alleged conduct as here. *See*, *e.g.*, *Palleschi*, 2021 WL 4710773, at *2. A stay is justified on these bases.

### III.   Conclusion

For the foregoing reasons, it is appropriate and necessary to stay the current civil proceedings. Appropriate opportunities for discovery in this matter can be pursued, without prejudice or harm to any party, following the Court's entry of a brief stay until the parallel criminal proceedings are resolved.

**Local Rule 3.01(g) Certification**

Undersigned counsel has conferred with opposing counsel via electronic mail in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel is opposed to the relief requested in this motion.

Dated: May 11, 2023                    Respectfully submitted,

By:     /s/ Andrea Costello
Andrea Costello
Fla. Bar No. 0532991
Florida Legal Services
P.O. Box 533986
Orlando, FL 32853
Telephone: (407) 801-0332 (direct)
Fax: (407) 505-7327
andrea@floridalegal.org
*Attorney for Defendant Annarella Rivera*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 11, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

                                           /s/ Andrea Costello
                                  Andrea Costello
                                  Fla. Bar No. 0532991