# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## Case No. 8:23-cv-701-SDM-MRM

ASHLEY MOODY, on behalf of the
People of the State of Florida,

  *Plaintiff,*

  v.

CALEB HUNTER FREESTONE,
*et al.,*

  *Defendants.*

_____

## FLORIDA'S OMNIBUS RESPONSE
## TO DEFENDANTS' MOTIONS TO STAY

Defendants move to stay all proceedings in this case pending the outcome of their related criminal proceedings. *See* Docs. 18, 29, 30, 31.[1] But a defendant is only entitled to a stay if invoking the Fifth Amendment would *compel* an adverse judgment. *See United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (explaining that a court must grant a stay only when invocation of the Fifth Amendment privilege "compel[s] an adverse judgment"). Defendants are not entitled to a stay because they have not made (and cannot make) that showing. *See Mitchell v. Hunt*, No. 8:15-cv-

---

[1] Florida files this single response to all of Defendants' motions to stay because the motions are substantially the same in all respects.

1

2603, 2016 WL 7396670 (M.D. Fla. Feb. 10, 2016) (Merryday, J.) (denying a motion to stay when defendants failed to demonstrate that invoking the Fifth Amendment would result in automatic entry of summary judgment). Accordingly, the Court should deny Defendants' motions to stay.

## BACKGROUND

After the leak of a draft opinion in *Dobbs v. Whole Women's Health*, 142 S. Ct. 2228 (2022), members of Antifa and Jane's Revenge began vandalizing and damaging pro-life "crisis pregnancy centers" across the country. Doc. 9 at ¶ 16-19. Among other things, Antifa and Jane's Revenge spray-painted the walls of crisis pregnancy centers with threatening messages such as "If abortions aren't safe then you aren't either." *Id.* In some instances, they also broke windows and firebombed offices. *Id.* Through these attacks, Antifa and Jane's Revenge created an atmosphere of fear and intimidation for crisis pregnancy centers across the country. *Id.*

According to Florida's complaint, Defendants participated in this wave of attacks. Between May 2022 and July 2022, Defendants attacked three crisis pregnancy centers in the state of Florida: South Broward Pregnancy Help Center in Hollywood, Florida; LifeChoice in Winter Haven, Florida; and Heartbeat of Miami in Hialeah, Florida. *Id.* at ¶ 22-36. At each facility, they threatened staff and personnel by spray-painting messages such as "YOUR

TIME IS UP!" and "If abortions aren't SAFE then neither [sic] are you." *Id.* They also spray-painted "Jane's Revenge" and Antifa symbols.

On January 18, 2023, a federal grand jury indicted Defendants Caleb Hunter Freestone and Amber Marie Smith-Stewart for violations of the Freedom of Access to Clinic Entrances Act (the FACE Act),18 U.S.C. § 248. Doc. 1, *United States v. Freestone*, 8:23-cr-00025 (M.D. Fla. Jan. 18, 2023). On March 22, 2023, the United States filed a superseding indictment adding Defendants Annarella River and Gabriella Victoria Oropesa. *Id.* at Doc. 54. Coincidentally, also on March 22, Florida filed its initial complaint in this case against Defendants Freestone and Smith-Stewart also alleging violations of the FACE Act. Doc. 1. On April 18, 2023, Florida filed its First Amended Complaint adding Defendants Annarella Rivera and Gabriella Victoria Oropesa. Doc. 9.

In the criminal matter, Defendants are set to appear at trial before Judge Covington during the August 2023 trial term. *See* Docs. 116, 117, *United States v. Freestone*, 8:23-cr-00025 (M.D. Fla. May 24, 2023). In this matter, the Court granted a joint motion to extend the time for all Defendants to respond to Florida's First Amended Complaint until five days after a ruling on Defendants' motions to stay. Doc. 27. To date, no Defendants have responded to the operative complaint, the parties have not had a 26(f) conference, and no party has served discovery.

## LEGAL STANDARD

The mere existence of a pending criminal proceeding does not entitle a civil defendant to a stay. "Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interests of justice." *Lot 5*, 23 F.3d at 364 (quotations omitted). The only "special circumstances" identified by the Eleventh Circuit are when a defendant's invocation of the Fifth Amendment would result in an adverse judgment. *See id.*; *see also United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991). Thus, a "court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant." *Id.*

Moreover, "[t]he decision to invoke the Fifth Amendment does not have to be consequence-free." *Eagle Hosp. Phys., LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1304 (11th Cir. 2009); *accord United States v. White*, 589 F.2d 1283, 1287 (5th Cir. 1979) (explaining that a defendant "must weigh the relative advantages of silence and explanation"). Even a defendant's "loss of his most effective defense" does not entitle him to a stay. *Premises Located at Route 13*, 946 F.2d at 756.

Furthermore, the Fifth Amendment does not entitle a party to blanket protection against all discovery in a civil proceeding. *Odom v. Roberts*, 337 F.R.D. 353, 356-57 (N.D. Fla. 2020). "It has long been established that a person

may be required to produce specific documents even though they contain incriminating information." *Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1371 (S.D. Fla. 2012) (Rosenbaum, J.). The mere act of producing documents "known with reasonable particularity to exist" is not compelled testimony. *Id.* at 1374. If a party wishes to object to discovery, he must assert the privilege in response to each discovery request and provide "specific information" supporting each assertion. *Odom*, 337 F.R.D. at 357.

## ARGUMENT

### A.    Defendants Are not Entitled to a Stay.

Defendants uniformly assert that if they invoke the Fifth Amendment, "there would be no genuine dispute as to any material fact, making plaintiff entitled to summary judgment as a matter of law." Doc. 18 at 13; Doc. 29 at 9; Doc. 30 at 8; Doc. 31 at 2. This Court must grant a stay only if Defendants can show that invoking their Fifth Amendment rights would *compel* an adverse judgment. *Lot 5*, 23 F.3d at 364. Defendants cannot do so for three reasons.

First, even if Defendants' invocation of the Fifth Amendment results in an adverse inference, Florida cannot meet its burden of proof with an adverse inference alone. "Inferences drawn from Fifth-Amendment-protected silence" cannot be "treated as substitute for the need for evidence on an ultimate issue of fact." *Eagle Hosp. Phys., LLC*, 561 F.3d at 1304. Although a court in a civil case may draw adverse inferences against a party that refuses to testify, the

opposing party must still provide evidence that proves its claims to prevail at summary judgment. *S.E.C. v. Schem*, 854 F. Supp. 900, 904-05 (N.D. Ga. 1993); *see also Tompkins-Holmes v. Gualitieri*, Case No. 8:17-cv-52-T-33AEP, 2017 WL 3065272, *3 (M.D. Fla. Jul. 19, 2017) (Covington, J.). Thus, an adverse inference is "insufficient by itself to allow summary judgment to be entered against a party." *Id.*

Second, to obtain summary judgment, Florida must succeed on all elements of its claim. Defendants' silence, however, cannot provide an adverse inference for all elements of Florida's claim. In addition to proving that Defendants spray-painted the messages, Florida must prove that each facility "provide[d] reproductive health services," that the persons who worked at each facility "provide[d] reproductive health services," and that the persons who worked at the facilities were intimated by the spray-painted messages. 8 U.S.C. § 248(a)(1) and (3). These additional elements do not hinge upon any Defendant's testimony. And while the first two elements may seem reasonably obvious, Defendants will almost certainly dispute the third. Thus, unless Defendants are willing to concede every element of the case other than the question of whether they spray-painted the facility, Defendants have not demonstrated that their refusal to testify will result in an automatic summary

judgment against them.[2] *United States ex rel. Silva v. VICI Marketing, LLC*, Case No. 8:15-cv-444-T-33TGW, 2019 WL 448763, *3 (M.D. Fla. Feb. 5, 2019) (Covington, J.) (noting that "even though [Defendant] may lose an effective defense on the knowledge element, the [plaintiff] still has to prove its case, including" all the remaining elements).

Third, Defendants' motions are unsupported and premature. Defendants argue that invoking the Fifth Amendment will cause an adverse judgment because "after reviewing the criminal discovery, besides [the co-defendants], there are no other witnesses who can provide evidence to what actually occurred."[3] Doc. 18 at 12. *See also* Doc. 29 at 9, Doc. 30 at 8; Doc. 31 at 2. But, at this stage, neither Defendants, Florida, nor this Court have any way of knowing whether Defendants' silence will compel an adverse judgment. Defendants have not seen what evidence Florida plans to rely upon because the parties have not exchanged initial disclosures. Florida has not had the opportunity to propound discovery and probe the evidence Defendants have in their possession (text messages, call records, credit card statements, etc.). And

---

[2] Defendants have also at times suggested they plan to file a motion to dismiss, which indicates they have additional bases upon which to defend this case.

[3] Florida notes that, while there might not be any eyewitnesses, there is video evidence of some of the attacks. *See* Joe Bukuras, *Watch: Video shows "Jane's Revenge" vandalism suspects in the act*, CATHOLICNEWSAGENCY.COM (Jun. 10, 2022 2:51 PM) https://www.catholicnewsagency.com/news/251514/watch-video-shows-janes-revenge-vandals-defacing-florida-pregnancy-center; Marisela Burgos, Samantha Sosa, *Pro-life clinic vandalized in Hialeah*, WSVN.COM (Jul. 5, 2022) https://wsvn.com/news/local/miami-dade/pro-life-clinic-vandalized-in-hialeah/.

Florida has not had the opportunity to gather or subpoena evidence from various third parties (the victim entities, the victim healthcare providers, Defendants' cellphone companies, Defendants' financial institutions, etc.).[4]

Defendants' argument, moreover, seems to assume that invoking the Fifth Amendment will protect them from any discovery. Defendants, however, cannot use the Fifth Amendment to assert a blanket protection from discovery. *Odom*, 337 F.R.D. at 357. Defendants will have to produce various documents and respond to interrogatories, *Sallah,* 855 F. Supp. 2d at 1371, and the parties will need to parse out any objections request by request. Florida believes that specific discovery requests such as text messages to and from specific individuals, emails to and from specific individuals, and targeted discovery stemming from third-party information will not fall within the Fifth Amendment's compelled testimony protections. *Id.* at 1371-76.

In short, an adverse inference, alone, will not satisfy Florida's burden of proof, Defendants' silence will not result in an adverse inference for every element of the claim, and Defendants cannot show that their silence will compel an adverse judgement at this early stage in litigation.

---

[4] Florida admits that its discovery efforts could be hampered by Defendants' invocation of the Fifth Amendment, but that is a question for another day. Presently, Florida believes it can obtain all the evidence it needs to successfully try this case, and Florida desires to move forward at least until the parties have a clearer picture of discovery and the evidence.

**B**  **The Court Should Not Use Its Discretionary Powers to Grant Defendants a Stay**

Because Defendants do not meet the standard for a stay, the Court should deny the motion. *See Hunt*, 2016 WL 7396670 at *2 (denying a stay because the defendants did not meet the standard discussed above). But to the extent Defendants invoke this Court's "broad discretion to control [its] docket," *Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1365 (11th Cir. 2021), the nascent posture of this case, the lack of any undue burden on Defendants' Fifth Amendment rights, and Florida's interests in efficiently vindicating the public interest counsel against staying this case.[5]

If, however, the Court is inclined to stay this case, Florida requests that this Court "use [its] discretion to narrow the range of discovery," rather than stay the case in its entirety. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). *See also Gualitieri*, 2017 WL 3065272 at *5 (denying motion to stay but directing parties to meet with the magistrate judge to "craft a discovery plan that takes into account [the defendant's] privilege against self-incrimination"). Specifically, Florida suggests that the Court deny the stay without prejudice or, in the alternative, enter a partial stay that allows the

---

[5] Florida contests the applicability of the six-part test proposed by Defendants because it has never been endorsed by the Eleventh Circuit. To the extent the Court applies it, the State submits that the public interest, Florida's interest, and the interests of the courts all favor allowing this case to progress to final judgment rather than sitting idle. All those interests are served by quick resolution of disputes, applying consequences to unlawful conduct, and making sure important witnesses and documents do not disappear.

parties to brief any motions to dismiss and take third party discovery but defer any discovery of Defendants.

## CONCLUSION

For the foregoing reasons, this Court should deny the motions to stay without prejudice. Alternatively, the Court should enter a limited stay that allows the parties to brief motions to dismiss and take third party discovery while deferring discovery of Defendants.

Dated: May 30, 2023

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Joseph Hart*
Joseph Hart* (FBN 0124720)
COUNSELOR TO THE ATTORNEY GENERAL
*Lead Counsel

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Joseph.hart@myfloridalegal.com

*Counsel for the State of Florida*

11

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 30th day of May 2023, I filed the above Omnibus Response to Defendants' Motions to Stay electronically with the Court's CM/ECF system, which will provide service to all Defendants.

/s/ *Joseph E. Hart*
Joseph E. Hart