IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

ASHLEY MOODY, on behalf of the
People of the State of Florida,

      Plaintiff,

      v.

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANNARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA,

      Defendants.

Case No. 8:23-cv-701-SDM-MRM

---

### DEFENDANTS' JOINT OPPOSED MOTION TO EXTEND STAY

Pursuant to M.D. Local Rule 3.01(a), Defendants Caleb Freestone, Amber Smith-Stewart, Annarella Rivera, and Gabriella Oropesa ("Defendants"), by and through their undersigned counsel, respectfully request that the Court extend the stay entered in this matter. (Doc. 36.) In support of this motion, Defendants state:

Ashley Moody, the Attorney General of Florida ("Attorney General"), brought this civil action under the Freedom of Access to Clinic Entrances Act (the "FACE Act"), 18 U.S.C. § 248, against Defendants, who the Attorney General claims "vandalized and threatened" at least three Florida "crisis pregnancy centers," which are "non-profit organizations that offer [to pregnant women] free

services . . . including financial support, ultrasounds, and counseling but do not perform or promote abortions." (*See generally*, Doc. 9). Because each Defendant is also indicted under the FACE Act, *United States v. Freestone, et al*., 8:23-cr-25-VMC-AEP (M.D. Fla.) (the "Criminal Action"), Defendants filed motions to stay this proceeding pending the outcome of the Criminal Action. The Court granted those motions and stayed this case for a period of 90 days or until completion of the trial or other resolution in the Criminal Action, whichever occurs first. (Docs. 18, 29-31, 36).

>The Court granted a stay in this action on the grounds that:
>
>. . . sound discretion favors a stay pending the resolution of the criminal action. The defendants' invoking their Fifth Amendment right against self-incrimination would almost certainly create a forceful and adverse inference in the civil action. Similarly, because the United States in the criminal action and Attorney General Moody in the civil action assert against the same defendants['] claims based on the same events and the same law, the actions appear to almost entirely overlap (the defendants argue that '[t]here is absolute overlap in laws and legal analysis [between] the civil and criminal cases') . . . . [A] brief stay in the civil action avoids potential delay in discovery because of the defendants' invoking the Fifth Amendment, prevents any prejudice to the defendants caused by simultaneously defending both actions, and avoids the undue expenditure of public and private resources.

(Doc. 36 at 3).

Based on the parties' joint motion, on August 18, 2023, the Court issued an Order extending the stay in this action through December 4, 2023, or until the completion of the trial or other resolution of the criminal action, whichever occurs

first. (Doc. 39). The parties jointly sought that extension of the initial stay because the criminal trial had been rescheduled for the November 2023 trial term. (Doc. 38). The Court's order stated that absent extraordinary circumstance, further extension would not be granted. (Doc. 39 at 2).

A sister Court in the Middle District of Florida also granted a stay based on an unopposed motion in a similar action, where plaintiff Heartbeat of Miami brought eight claims against these same defendants for violations of the FACE Act and the Florida Racketeer Influenced and Corrupt Organization (RICO) Act, and for common law torts of trespass and civil conspiracy. (*See* Doc. 59, *Heartbeat of Miami v. Jane's Revenge, et al.*, 8:23-cv-00705-KKM-AAS; *see also* Am. Compl. ¶¶ 65-155). In granting a stay, the Honorable Kathryn Kimball Mizelle found:

> The defendants have shown that a stay is appropriate because of the overlapping nature of the facts that underpin both this case and the criminal case and the likelihood that discovery will be hampered in the civil case due to the invocation of the Fifth Amendment privilege. A temporary stay would also preserve judicial efficiency and not produce an unreasonable delay of this action.

(Doc. 59 at 17-18). The Court stayed that action "for ninety days or until completion of the trial or other resolution in the Criminal Action, whichever occurs first," and required the parties to jointly file a status report updating the Court on what effect, if any, the criminal proceedings have on that case within 14 days of the resolution of the criminal matter or expiration of the 90-day stay. (*Id.* at 18-19).

The same Defendants now move to extend the stay in this matter due to

3

"extraordinary circumstances," based on several facts. First, all parties in the parallel criminal trial, in which each Defendant was indicted under the Freedom of Access to Clinic Entrances Act, have jointly requested to reschedule the trial during the March 2024 calendar term due to discovery delays. (*See* Doc. 178, *United States v. Freestone, et al.*, 8:23-cr-25-VMC-AEP (M.D. Fla.) (filed Nov. 17, 2023)).

Second, given the overlapping parties and allegations with *Heartbeat of Miami v. Jane's Revenge, et al.*, the interests of judicial economy and efficiency are best served by this action and the *Heartbeat of Miami* action proceeding in tandem through discovery.

Third, and importantly, Defendants in this action face "extraordinary circumstances," because they are confronted with the same Fifth Amendment issues previously recognized by this Court as requiring a stay, thereby preventing them from offering probative evidence in defense of a civil action (in discovery or even by answering the Complaint) and, in this Court's words, "almost certainly creat[ing] a forceful and adverse inference" in this parallel civil action. (Doc. 36 at 3). The original reasoning this Court applied in granting and extending the stay still holds true and additional circumstances warrant it.

WHEREFORE, Defendants respectfully request that the Court enter an Order extending the stay for a period of 120 days, through March 27, 2024, or until

the completion of the trial or other resolution of the Criminal Action, whichever occurs first. In the latter case, defense counsel would provide notice to the Court within five (5) business days of such conclusion of the Criminal Action.

### RULE 3.01(g) CERTIFICATION

Undersigned counsel has conferred with opposing counsel in a good-faith effort to resolve the issues raised in this motion. Plaintiff's counsel opposes the relief requested.

Dated: November 28, 2023.

Respectfully submitted:

By:

/s/ Marianne Dugan
Marianne Dugan, *pro hac vice*
Oregon State Bar # 932563
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1711 Willamette St. Ste 301, # 359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org
lregan@cldc.org
*Attorneys for Defendant Amber Smith-Stewart*

/s/ Andrea Costello
Andrea Costello
Fla. Bar No. 0532991
Florida Legal Services
P.O. Box 533986
Orlando, FL 32853
Telephone: (407) 801-0332 (direct)

Fax: (407) 505-7327
andrea@floridalegal.org
*Attorney for Defendant Annarella Rivera*

/s/ James M. Slater
James M. Slater
Fla. Bar No. 111779
113 S. Monroe Street
Tallahassee, FL 32301
Tel. (305) 523-9023
james@slater.legal
*Attorney for Defendant Caleb Freestone*

/s/ Miriam Haskell
Miriam Haskell
Fla. Bar No. 069033
Carrie Joanna Feit
Fla. Bar No. 470066
Community Justice Project
3000 Biscayne Blvd., Suite 106
Miami, Florida 33137
Telephone: (305) 907-7697
miriam@communityjusticeproject.com
carrie@communityjusticeproject.com

/s/ Faudlin Pierre
Faudlin Pierre
Fla. Bar No. 56770
Pierre Simon
600 Southwest 4th Avenue
Fort Lauderdale, FL 33315
(305) 336-9193
plaw08@yahoo.com
*Attorneys for Defendant Gabriella Oropesa*