**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ASHLEY MOODY, on behalf of the
People of the State of Florida,                    Case No. 8:23-cv-701-SDM-MRM

      Plaintiff,

         v.

CALEB HUNTER FREESTONE,
AMBER MARIE SMITH-STEWART,
ANNARELLA RIVERA, and
GABRIELLA VICTORIA OROPESA,

      Defendants.

**DEFENDANT SMITH-STEWART'S
ANSWER AND DEFENSES
<u>TO PLAINTIFF'S AMENDED COMPLAINT</u>**
-

    Defendant Amber Marie Smith Stewart (hereinafter "Defendant") hereby answers the Amended Complaint (Doc. 9) filed by Plaintiff Ashley Moody as follows. Unless specifically admitted below, Defendant denies each and every allegation, claim, and prayer for relief contained in the Amended Complaint.

### <u>Introduction</u>[1]

    The unnumbered paragraphs in the "Introduction" section are legal arguments that violate Federal Rule of Civil Procedure 8 and 10, and they do not require a response. To the extent a response is required, Defendant has insufficient knowledge

---

[1] Defendant uses Plaintiff's headings for convenience and denies any and all allegations therein.

to admit or deny the allegations contained in the first paragraph; Defendant denies that she is a member of Antifa or Jane's Revenge and invokes her Fifth Amendment privilege[2] against self-incrimination with respect to the balance of the second paragraph; and Defendant admits that Plaintiff purports to seek relief under the FACE Act, 18 U.S.C. § 248, but otherwise denies that Plaintiff is entitled to any relief as set forth in the third paragraph of the introduction.

### Parties

1.      Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Amended Complaint, and on that basis, denies those allegations.

2.      Defendant has insufficient knowledge to admit or deny the allegations contained in the first sentence in paragraph 2 of the Amended Complaint, and on that basis, denies those allegations. Defendant denies the allegations in the second sentence in paragraph 2 of the Amended Complaint. The information contained in the hyperlinked news articles cited in footnote 1 to paragraph 2 of the Amended Complaint speaks for itself. As to the allegations in footnote 1 that precede the citations, the allegations do not pertain to Defendant and therefore no response is required. To the extent a response is required, Defendant lacks sufficient knowledge

---

[2] Defendant asserts her Fifth Amendment right against self-incrimination in response to allegations in the Amended Complaint for the same reasons as stated, and relied upon by the Court, in the motions to stay these proceedings pending the outcome of her criminal case and the Court's Order granting and extending a stay. *See* Docs. 36, 39.

to admit or deny the allegations in footnote 1 and therefore denies them.

3.      Defendant admits the allegations in the first sentence in paragraph 3 of the Amended Complaint. Defendant denies the allegations in the second sentence in paragraph 3 of the Amended Complaint.

4.      Defendant has insufficient knowledge to admit or deny the allegations contained in the first sentence in paragraph 4 of the Amended Complaint, and on that basis, denies those allegations. Defendant denies the allegations in the second sentence in paragraph 4 of the Amended Complaint.

5.      Defendant has insufficient knowledge to admit or deny the allegations contained in the first sentence in paragraph 5 of the Amended Complaint, and on that basis, denies those allegations. Defendant denies the allegations in the second sentence in paragraph 5 of the Amended Complaint.

## **Jurisdiction and Venue**

6.      Paragraph 6 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

7.      Paragraph 7 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

8.      Defendant admits the allegations in paragraph 8 of the Amended Complaint.

## **Legal Standard**

9.      Paragraph 9 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

10.      Paragraph 10 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

11.      Paragraph 11 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

12.      Paragraph 12 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

13.      Paragraph 13 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

14.      Paragraph 14 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

15.      Paragraph 15 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18

U.S.C. § 248 speaks for itself and the allegations are denied.

### Factual Background

16.     The content and subject matter of the *Politico* article cited in footnote 2 to paragraph 16 of the Amended Complaint speaks for itself. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 16 of the Amended Complaint, including footnote 2, and on that basis, denies those allegations, including any characterizations of the *Politico* article alleged therein.

17.     The content and subject matter of the letters cited in footnote 3 to paragraph 17 of the Amended Complaint speak for themselves. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Amended Complaint, including footnote 3, and on that basis, denies those allegations, including any characterizations of the letters alleged therein.

18.     The content and subject matter of the articles cited in footnotes 4 through 8 to paragraph 18 of the Amended Complaint speak for themselves. Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 18 of the Amended Complaint, including all subparts and footnotes, and on that basis, denies those allegations.

19.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 19 of the Amended Complaint, and on that basis, denies those allegations.

20.     Defendant invokes her Fifth Amendment privilege against self-

incrimination as to the allegations in paragraph 20 of the Amended Complaint.

21.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 21 of the Amended Complaint.

22.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 22 of the Amended Complaint.

23.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 23 of the Amended Complaint.

24.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 24 of the Amended Complaint, and on that basis, denies those allegations.

25.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 25 of the Amended Complaint, including footnote 9, and on that basis, denies those allegations.

26.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 26 of the Amended Complaint.

27.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 27 of the Amended Complaint.

28.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 28 of the Amended Complaint, and on that basis, denies those allegations.

29.     Defendant has insufficient knowledge to admit or deny the allegations

contained in paragraph 29 of the Amended Complaint, including footnote 10, and on that basis, denies those allegations.

30.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 30 of the Amended Complaint, including footnote 11, and on that basis, denies those allegations.

31.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 31 of the Amended Complaint.

32.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 32 of the Amended Complaint.

33.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 33 of the Amended Complaint, and on that basis, denies those allegations.

34.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 34 of the Amended Complaint, including footnote 12, and on that basis, denies those allegations.

35.     Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 35 of the Amended Complaint, including footnote 13, and on that basis, denies those allegations.

36.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 36 of the Amended Complaint.

## Count I – Violation of 18 U.S.C. § 248(a)(1)
### (against Freestone, Smith-Stewart, Rivera & Oropesa)

37.     Defendant incorporates all admissions, denials, and privileges with respect to each allegation contained in paragraphs 1 through 36 above.

38.     Paragraph 38 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

39.     Paragraph 39 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

40.     Defendant denies the allegations in paragraph 40 of the Amended Complaint.

41.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 41 of the Amended Complaint.

42.     Paragraph 42 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

43.     Paragraph 43 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

44.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 44 of the Amended Complaint.

45.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 45 of the Amended Complaint.

46.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 46 of the Amended Complaint.

47.     Defendant admits that Plaintiff purports to seek statutory damages in this case. Defendant denies that Plaintiff is entitled to statutory damages. Defendant denies all other allegations in paragraph 47 of the Amended Complaint.

48.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 48 of the Amended Complaint.

49.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 49 of the Amended Complaint.

50.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 50 of the Amended Complaint.

51.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 51 of the Amended Complaint.

### Count II – Violation of 18 U.S.C. § 248(a)(1)
### (against Freestone, Smith-Stewart & Rivera)

52.     Defendant incorporates all admissions, denials, and privileges with

respect to each allegation contained in paragraphs 1 through 36 above.

53.     Paragraph 53 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

54.     Paragraph 54 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

55.     Defendant denies the allegations in paragraph 55 of the Amended Complaint.

56.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 56 of the Amended Complaint.

57.     Paragraph 57 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

58.     Paragraph 58 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

59.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 59 of the Amended Complaint.

60.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 60 of the Amended Complaint.

61.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 61 of the Amended Complaint.

62.     In response to paragraph 62 of the Amended Complaint, Defendant admits that Plaintiff purports to seek statutory damages in this case and denies that Plaintiff is entitled to statutory damages.

63.     In response to paragraph 63 of the Amended Complaint, Defendant admits that Plaintiff purports to seek civil penalties in this case, Defendant denies that Plaintiff is entitled to civil penalties, and denies all other allegations in paragraph 63 of the Amended Complaint.

64.     In response to paragraph 64 of the Amended Complaint, Defendant admits that Plaintiff purports to seek civil penalties in this case, Defendant denies that Plaintiff is entitled to civil penalties, and denies all other allegations in paragraph 64 of the Amended Complaint.

65.     In response to paragraph 65 of the Amended Complaint, Defendant admits that Plaintiff purports to seek civil penalties in this case, Defendant denies that Plaintiff is entitled to civil penalties, and denies all other allegations in paragraph 65 of the Amended Complaint.

### Count III – Violation of 18 U.S.C. § 248(a)(1)
### (against Freestone & Oropesa)

66.     Defendant incorporates all admissions, denials, and privileges with respect to each allegation contained in paragraphs 1 through 36 above. The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no

response is required to any of the allegations in paragraphs 66-78. To the extent that a response is required, Defendant responds accordingly.

67.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, paragraph 67 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

68.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, paragraph 68 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

69.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 69 of the Amended Complaint.

70.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 70 of the Amended Complaint.

71.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required,

paragraph 71 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

72.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, paragraph 72 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

73.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 73 of the Amended Complaint.

74.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 74 of the Amended Complaint.

75.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 75 of the Amended Complaint.

76.     The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek statutory damages in this case.

Defendant denies that Plaintiff is entitled to statutory damages. Defendant denies all other allegations in paragraph 76 of the Amended Complaint.

77.    The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 77 of the Amended Complaint.

78.    The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 78 of the Amended Complaint.

## Count IV – Violation of 18 U.S.C. § 248(a)(3)
### (against Freestone, Smith-Stewart, Rivera & Oropesa)

79.    Defendant incorporates all admissions, denials, and privileges with respect to each allegation contained in paragraphs 1 through 36 above.

80.    Paragraph 80 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

81.    Paragraph 81 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

82.     Defendant denies the allegations in paragraph 82 of the Amended Complaint.

83.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 83 of the Amended Complaint.

84.     Paragraph 84 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

85.     Paragraph 85 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

86.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 86 of the Amended Complaint.

87.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 87 of the Amended Complaint.

88.     Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 88 of the Amended Complaint.

89.     Defendant admits that Plaintiff purports to seek statutory damages in this case. Defendant denies that Plaintiff is entitled to statutory damages. Defendant denies all other allegations in paragraph 89 of the Amended Complaint.

90.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all

other allegations in paragraph 90 of the Amended Complaint.

91.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 91 of the Amended Complaint.

92.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 92 of the Amended Complaint.

93.     Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 93 of the Amended Complaint.

### Count V – Violation of 18 U.S.C. § 248(a)(3)
**(against Freestone, Smith-Stewart & Rivera)**

94.     Defendant incorporates all admissions, denials, and privileges with respect to each allegation contained in paragraphs 1 through 36 above.

95.     Paragraph 95 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

96.     Paragraph 96 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

97.     Defendant denies the allegations in paragraph 97 of the Amended Complaint.

98.    Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 98 of the Amended Complaint.

99.    Paragraph 99 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

100.   Paragraph 100 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

101.   Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 101 of the Amended Complaint.

102.   Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 102 of the Amended Complaint.

103.   Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 103 of the Amended Complaint.

104.   In response to paragraph 104 of the Amended Complaint, Defendant admits that Plaintiff purports to seek statutory damages in this case and denies that Plaintiff is entitled to statutory damages.

105.   In response to paragraph 105 of the Amended Complaint, Defendant admits that Plaintiff purports to seek civil penalties in this case, Defendant denies that Plaintiff is entitled to civil penalties and denies all other allegations in paragraph 105 of the Amended Complaint.

106.   In response to paragraph 106 of the Amended Complaint, Defendant admits that Plaintiff purports to seek civil penalties in this case, Defendant denies that Plaintiff is entitled to civil penalties, and denies all other allegations in paragraph 105 of the Amended Complaint.

107.   In response to paragraph 107 of the Amended Complaint, Defendant admits that Plaintiff purports to seek civil penalties in this case, Defendant denies that Plaintiff is entitled to civil penalties, and denies all other allegations in paragraph 105 of the Amended Complaint.

## Count VI – Violation of 18 U.S.C. § 248(a)(3)
### (against Freestone & Oropesa)

108.   Defendant incorporates all admissions, denials, and privileges with respect to each allegation contained in paragraphs 1 through 36 above. The allegations in count II do not pertain to Defendant Smith-Stewart and therefore no response is required to any of the allegations in paragraphs 108-120. To the extent that a response is required, Defendant responds accordingly.

109.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, paragraph 109 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

110.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required,

paragraph 110 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

111.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 111 of the Amended Complaint.

112.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 112 of the Amended Complaint.

113.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, paragraph 113 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

114.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, paragraph 114 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the allegations are denied.

115.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the

allegations in paragraph 115 of the Amended Complaint.

116.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 116 of the Amended Complaint.

117.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 117 of the Amended Complaint.

118.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek statutory damages in this case. Defendant denies that Plaintiff is entitled to statutory damages. Defendant denies all other allegations in paragraph 118 of the Amended Complaint.

119.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 119 of the Amended Complaint.

120.   The allegations in Count II do not pertain to Defendant Smith-Stewart and therefore no response is required. To the extent that a response is required,

Defendant admits that Plaintiff purports to seek civil penalties in this case. Defendant denies that Plaintiff is entitled to civil penalties. Defendant denies all other allegations in paragraph 120 of the Amended Complaint.

<u>**Count VII – Request for Permanent Injunctive Relief**</u>

121.   Defendant incorporates all admissions, denials, and privileges with respect to each allegation contained in paragraphs 1 through 36 above.

122.   Paragraph 122 of the Amended Complaint consists of conclusions of law and no response is required. To the extent a response is required, the text of 18 U.S.C. § 248 speaks for itself and the allegations are denied.

123.   Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 123 of the Amended Complaint.

124.   Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 124 of the Amended Complaint.

125.   Defendant invokes her Fifth Amendment privilege against self-incrimination as to the allegations in paragraph 125 of the Amended Complaint.

126.   Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph 126 of the Amended Complaint, and on that basis, denies those allegations.

127.   Defendant denies the allegations in paragraph 127 of the Amended Complaint.

128.   Defendant admits that Plaintiff purports to seek injunctive relief as

specified in paragraph 128 of the Amended Complaint. Defendant denies that Plaintiff is entitled to any relief. Defendant denies all other allegations in paragraph 128 of the Amended Complaint.

### Prayer for Relief

Defendant denies that Plaintiff is entitled to any of the relief set forth in its Prayer for Relief and prays that the Court deny all relief set forth therein. Defendant specifically denies that Plaintiff is entitled to attorney fees and/or non-taxable costs under § 248(c)(3)(B) of the FACE Act. Defendant demands entry of judgment providing that Plaintiff take nothing by virtue of this action and that the Court award Defendant all costs, legal fees, and other expenses incurred in this proceeding, together with such other and further favorable relief to which Defendant may be entitled.

### JURY DEMAND

Defendant Amber Smith-Stewart demands trial by jury on all issues so triable.

### Defenses to the Amended Complaint

Further responding to the Amended Complaint, Defendant Amber Smith-Stewart asserts the following defenses and affirmative defenses without admitting that she bears the burden of persuasion or presentation of evidence on any of these matters.

1.      Plaintiff's claims are barred because any statements, actions, or conduct asserted are protected by the First Amendment to the United States Constitution.

22

Therefore, Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because Plaintiff cannot demonstrate that any of the conduct or speech allegedly committed or communicated by Defendant was undertaken with the requisite degree of culpability, *i.e.*, recklessness. *Counterman v. Colorado*, 600 U.S. 66, 82, 143 S. Ct. 2106, 2119, 216 L. Ed. 2d 775 (2023).

3.      Plaintiff's claims are barred because Plaintiff cannot sustain its burden of proving that any of the subject "clinics" satisfy the requirements of the FACE Act to provide reproductive health services under 18 U.S.C. § 248(a)(1).

4.      Plaintiff's claims are barred because the subject "clinics" failed to perceive any of the alleged conduct described in the Amended Complaint as threat or intimidation.

5.      Plaintiff's claims are barred because it cannot demonstrate that any alleged damage, destruction, intimidation, or interference, was effectuated "because [the subject] facility[ies] provide[] reproductive health services." 18 U.S.C. § 248(a)(1) & (3).

6.      Plaintiff's claims are barred because if Plaintiff and/or the subject "clinics" were damaged, which Defendant denies, such "clinics" were damaged by the conduct of persons other than Defendant.

7.      Plaintiff's claims are barred to the extent that Plaintiff and/or the "clinics" have failed to mitigate any damages allegedly caused by Defendant.

8.      To the extent that Plaintiff is entitled to any damages or penalties, which Defendant expressly denies, any such damages or penalties are subject to setoff.

9.      Plaintiff's request for injunctive relief is barred on the ground that the Amended Complaint does not assert any independent ground for invoking equitable jurisdiction.

10.     Plaintiff's request for injunctive relief is barred on the ground that Plaintiff asserts a remedy at law.

11.     Plaintiff's request for injunctive relief is barred under the First Amendment to the United States Constitution.

12.     Plaintiff lacks standing to prosecute its claims because it did not have reasonable cause to believe that the "clinics" were, have been, or may have been injured by conduct proscribed by the FACE Act.

13.     If Counts 2 and 5 are dismissed, venue is not proper in this District because none of the remaining claims alleged against Defendant occurred within this District.

14.     Plaintiff's complaint fails to state a claim upon which relief can be granted.

15.     Plaintiff's request for attorney fees and costs in section (h) of their Prayer for Relief is not supported by any statutory or other authority.

WHEREFORE, Defendant requests entry of judgment in her favor and such other and further relief as the Court deems appropriate.

Respectfully submitted December 4, 2023,

　　　　　 /s/ Marianne Dugan　　　　
Marianne Dugan, *pro hac vice*
Oregon State Bar # 932563
Civil Liberties Defense Center
1711 Willamette St., Ste 301 # 359
Eugene, OR 97401
(541) 687-9180
mdugan@cldc.org

　　　　Lead counsel for defendant Amber Smith-Stewart

　　　　 /s/ Lauren Regan　　
Lauren Regan, *pro hac vice*
Oregon State Bar # 970878
Civil Liberties Defense Center
1711 Willamette St., Ste 301 # 359
Eugene, OR 97401
(541) 687-9180
lregan@cldc.org

　　　　Counsel for defendant Amber Smith-Stewart