**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ASHLEY MOODY, on behalf of the
People of the State of Florida,

    Plaintiffs,

v.                                                                Case No. 8:23-CV-701-SDM-MRM

CALEB HUNTER FREESTONE, et al.,

    Defendants.

_____

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on December 21, 2023. James Percival, Natalie Christmas, Marianne Dugan, Miriam Haskell, Andrea Costello, and James Slater attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   | --- | --- |
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/31/2024 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/31/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).      Plaintiff | 7/12/2024 |
| Defendant | 8/16/2024 |
| Rebuttal | 9/13/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 10/18/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/22/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Enter mediator's name, address, and phone number. | 12/6/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 3/7/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 3/14/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 3/24/2025 |
| Month and year of the trial term. | 4/1/2025 |

The trial will last approximately 5-7 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

Florida Attorney General Ashley Moody sues Defendants for alleged violations of the Freedom of Access to Clinic Entrances Act (the "FACE Act"), 18 U.S.C. § 248. Attorney General Moody alleges that Defendants vandalized and threatened several pro-life pregnancy centers in central Florida in violation of the FACE Act.

2

Attorney General Moody seeks statutory damages, civil penalties, and injunctive relief against Defendants.

Defendants deny any and all liability and denies that Plaintiff is entitled to any relief whatsoever.

4. **Disclosure Statement**

⊠ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

⊠ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

⊠ The parties do not consent.

7. **Preliminary Pretrial Conference**

⊠ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

Florida: Discovery is needed on Defendants' conduct and state of mind the night of the alleged violations as well as on the injuries to the victims.

Defendants: Discovery is needed on Defendants' defenses and Plaintiff's prima facie case, including extensive third-party discovery regarding the "clinics" that Plaintiff asserts are subject to FACE Act protections as well as their purported injuries.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.

   ☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

   ☒ No.
   ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ James H. Percival*
James H. Percival
Counsel for the Attorney General
12/21/2023

*/s/ Marianne Dugan*
Marianne Dugan
Counsel for Amber Smith-Stewart
12/21/2023

*/s/ Andrea Costello*
Andrea Costello
Counsel for Anarella Rivera
12/21/2023

*/s/ Miriam Haskell*
Miriam Haskell
Counsel for Gabriella Oropesa
12/21/2023

*/s/ James Slater*
James Slater
Counsel for Caleb Freestone
12/21/2023